### PANAMA R. CO. v. BOSSE.

(Circuit Court of Appeals, Fifth Circuit. February 5, 1917.)

No. 3015.

1. MASTER AND SERVANT ⬥304—LIABILITY TO THIRD PERSONS—VIOLATION OF SPEED REGULATIONS.

A corporation operating a motorbus is liable for injuries caused by the negligence of its chauffeur in running at a speed faster than permitted, since a corporation can act only through agents, and every act of an authorized agent within the scope of his employment is the act of the corporation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1226–1229; Dec. Dig. ⬥304.]

2. DAMAGES ⬥32—PERSONAL INJURIES—PAIN AND SUFFERING.

Under the jurisprudence of the Canal Zone, and under Civ. Code Republic of Panama, arts. 2341, 2356, in force in the Canal Zone, damages for physical pain and suffering are recoverable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 40, 41, 71; Dec. Dig. ⬥32.]

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. DAMAGES ⊂⟹132(13)—EXCESSIVE DAMAGES—INJURIES TO FOOT.

    Where plaintiff was knocked down by a motorbus, the wheels of which passed over him, crushing his right foot, breaking the bones thereof, and necessitating the amputation of the second toe of one foot, from which, however, no permanent injury, which would cause any diminution of his earning capacity, would result, a verdict for $2,500 damages is not so excessive as to justify interference by the Circuit Court of Appeals.

    [Ed. Note.—For other cases, see Damages, Cent. Dig. § 384; Dec. Dig. ⊂⟹132(13).]

In Error to the District Court of the Canal Zone; William H. Jackson, Judge.

Action by Theodore Bosse against the Panama Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank Feuille and Walter F. Van Dame, both of Ancon, Canal Zone, for plaintiff in error.

Theodore C. Hinckley and Stevens Ganson, both of Panama, Republic of Panama, for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge. This suit was brought in the court below under article 2341 of the Civil Code of the Republic of Panama, in force in the Canal Zone, reading as follows:

    "He who shall have been guilty of an offense or fault, which has caused another damage, is obliged to repair it, without prejudice to the principal penalty which the law imposes for the fault or offense committed"

—to recover damages from the Panama Railroad Company on the following state of facts: The plaintiff in error, a corporation organized under the laws of the state of New York, was operating motorbusses between the town of Balboa and the city of Panama in the month of July, 1916, and in the afternoon of the 3d day of that month a motorbus of plaintiff in error, while being driven by the chauffeur in charge, an employé of the plaintiff in error, at a rate of speed in excess of 20 miles per hour in the public highway in the town of Balboa, without warning, struck defendant in error and knocked him down; the wheels of the motorbus passing over him, crushing his right foot, breaking the bones thereof, and causing him such severe injury that he was forthwith removed to the Ancon Hospital for treatment. Defendant in error was struck by the motorbus on a public highway, which, at the time, was filled with pedestrians, including women and children. There were no sidewalks on either side of the road. As a result of the injury, defendant in error suffered the loss of the second toe of the right foot, from which no permanent injury will result, to cause him any diminution of his capacity to earn a livelihood.

The complaint filed in the case alleged the violation of the speed order promulgated by the executive of the United States February 28, 1912, and also alleged confinement in hospital for a considerable length of time, and that complainant had suffered physical damage,

---

⊂⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and in mind and health, by pain and suffering. To this complaint, the defendant below interposed a demurrer, on the ground that the same does not state facts sufficient to constitute a cause of action, and especially to all that part of plaintiff's complaint wherein mental and physical pain and suffering are set up as an element of damages. This demurrer was overruled, trial was had before a jury resulting in a verdict of $2,500, and, judgment being rendered thereon, motion was filed for a new trial, which was overruled; whereupon defendant below sued out this writ of error.

The assignments of error cover the overruling of the demurrer, the refusal of the court to direct a verdict in favor of the defendant, and the overruling of a charge that the jury be instructed that the physical pain endured by the defendant in error as the result of his injuries constitute no element of damages under the laws of the Canal Zone, and that the court erred in overruling the plaintiff's motion for a new trial.

[1] On consideration of the record, we conclude that the demurrer to the complaint was properly overruled. The main contention on that ground is that the railroad company was not responsible for the acts of negligence of its employés resulting in injury to others. Corporations act only through agents, and every act of an authorized agent within the scope of his employment is therefore the act of the company.

[2] Under the jurisprudence of the Canal Zone, and we think a proper interpretation of articles 2341 and 2356, damages for physical pain and suffering are recoverable.

[3] While the objection that the verdict was excessive is insisted upon in this court, we find nothing in the record in the way of facts to justify our interference therewith.

On the whole record, we find no reversible error assigned or patent, and the judgment of the District Court of the Canal Zone is affirmed.