PANAMA R. CO. v. TOPPIN.

(Circuit Court of Appeals, Fifth Circuit. April 17, 1918.)

No. 3203.

1. MASTER AND SERVANT ⚖➡304—LIABILITY FOR NEGLIGENCE—LAW OF PANAMA.

Under Law 62, art. 5, Laws Colombia 1887, now the law of Panama, a railroad company is liable for personal injuries caused by the negligence of its employés while engaged in the service they were employed to render.

2. DAMAGES ⚖➡32—PERSONAL INJURIES—PAIN AND SUFFERING.

Under the law in force in Panama and in the Canal Zone, damages for physical pain and suffering are recoverable in an action for personal injury.

In Error to the District Court of the Canal Zone; William H. Jackson, Judge.

Action at law by Joseph T. Toppin against the Panama Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank Feuille and Walter F. Van Dame, both of Ancon, C. Z., for plaintiff in error.

W. C. Todd, of Colon, C. Z., and William C. MacIntyre, of Cristobal, C. Z., for defendant in error.

⚖➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge.  [1] This was a suit brought by the defendant in error in the District Court of the Canal Zone to recover damages for personal injuries alleged to have been caused by the negligent operation, on a public street or thoroughfare in the republic of Panama, by employés of the plaintiff in error of a railroad locomotive of the latter.  The amended complaint alleged that the following were laws in force in the republic of Panama:

Article 2341, Civil Code of Panama:

"He who shall have been guilty of an offense or fault, which has caused another damage, is obliged to repair it, without prejudice to the principal penalty which the law imposes for the fault or offense committed."

### Article 5, Law 62, 1887:

"Railroad companies are responsible for the wrongs and injuries which are caused to persons or properties by reason of the service of said railroads and which are imputable to want of care, neglect, or violation of the respective police regulations which shall be issued by the government as soon as the law is promulgated."

### Articles 488, 489, Police Code:

"When a tramway crosses a town, as well as when it passes by a gate or viaduct, it shall not travel at a greater speed than that of a wagon drawn by horses at a moderate trot; in case of an infraction the conductor or the administrator of the company subsidiarily shall pay a fine of 10 to 100 pesos, without prejudice to the responsibility, civil or penal, to which he may be subjected by reason of the damage, fault or tort.

"The tramway, when passing places where there are or may be a gathering of persons, shall call their attention from afar, and continue to call the attention of the transient persons, by means of a whistle, bell, horn, or other adequate instrument.  Every infraction of this provision shall be punished with a fine of from 5 to 100 pesos; but if the omission should occasion damage or prejudice to a third person, the procedure provided for in the preceding article shall be followed.

"This article and the previous article shall be applied to railroads when they enter cities or towns."

There was evidence tending to prove that the plaintiff was injured as alleged.  The existence of the quoted laws of Panama was not denied by the defendant, but it was contended in its behalf that a request for a directed verdict in its favor should have been given, on the ground that neither of those laws, as it was authoritatively interpreted and enforced in Panama, had the effect of making a railroad company answerable for the negligence or misconduct of its employés while acting within the scope of their employment, and that the doctrine of respondeat superior is not a part of the law of Panama. We are not of opinion that the evidence which was adduced as to the laws of Panama supports this contention.  On the contrary, we think the evidence is such that it well supports a finding that the quoted statute of 1887, as it has been authoritatively interpreted in Colombia while Panama was a part of that country, has the effect of making

railroad companies responsible for personal injuries caused by the want of care or negligence of their employés while engaged in the service they were employed to render.

[2] Under the law in force in Panama and in the Canal Zone, damages for physical pain and suffering are recoverable in such an action as the instant one. Panama R. Co. v. Bosse, 239 Fed. 303, 152 C. C. A. 291. The ruling of the court to this effect, which was assigned as error, was in conformity with the decision just cited, and was not erroneous.

An exception was reserved to a part of the court's charge to the jury, which was to the effect that, if the plaintiff has developed tuberculosis of the spine as a result of the injuries complained of, then the jury could, if they found for the plaintiff, consider the tuberculosis as an element of damages. This exception is sought to be supported on the ground that no evidence adduced tended to prove that the development of the tuberculosis mentioned was attributable to the injury complained of. The evidence does not justify this contention. It was such as to furnish support for a finding that the development of the disease in the plaintiff's system was a proximate result of the injury complained of.

The conclusion is that there was no reversible error in any ruling complained of.

The judgment is affirmed.