## PANAMA R. CO. v. PIGOTT.

(Circuit Court of Appeals, Fifth Circuit. March 27, 1919.)

### No. 3291.

1. APPEAL AND ERROR ☞966(1)—CONTINUANCE ☞7—DISCRETION OF COURT —REVIEW.

Both under Panama law and general principles, motion for continuance is addressed to discretion of trial court, and action thereon is not reviewable, unless abuse of discretion is shown.

2. APPEAL AND ERROR ☞977(1)—NEW TRIAL ☞6—DISCRETION OF COURT— REVIEW.

Both under Panama law and general principles, motion for new trial is addressed to discretion of trial court, and action thereon is not reviewable, unless abuse of discretion is shown.

3. NEGLIGENCE ☞136(10)—QUESTIONS FOR JURY.

Refusing directed verdict in personal injury case is proper, where evidence as to negligence and contributory negligence is conflicting.

4. RAILROADS ☞281(1)—PERSONAL INJURIES—PANAMA LAW.

Under the Panama laws, a railroad is liable for personal injuries caused by negligence of its employés.

In Error to the District Court of the Canal Zone; William H. Jackson, Judge.

Action by Noel Pigott, a minor, by his guardian ad litem, George Morrell, against the Panama Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Frank Feuille, of Ancon, C. Z., and Walter F. Van Dame, of Balboa Heights, C. Z., for plaintiff in error.

Stevens Ganson, of Panama, R. P., and Valentine E. Bruno, of Ancon, C. Z., for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PARDEE, Circuit Judge. The statement of the case by plaintiff in error is as follows:

"The minor, Noel Pigott, resides with his father, Thomas Pigott, in the city of Colon, republic of Panama. They are British subjects. George Morrell, guardian ad litem of the minor, Noel Pigott, is an American citizen, but resides in the city of Colon, republic of Panama.

"The complaint in this case was filed for the minor, Noel Pigott, by George Morrell, his guardian ad litem, who acted under the order of the District Court of the Canal Zone. The complaint involves a demand for damages against the plaintiff in error in the sum of $50,000, alleged to have accrued to the said minor on account of an injury received by him in being knocked down and run over by one of the freight cars of the plaintiff in error, in the latter's switchyard situated between E street and Broadway in the city of Colon in the republic of Panama, at the Seventh street crossing. The minor lost his left leg as a result of the accident, which occurred on December 4, 1916. The complaint charged the plaintiff in error with negligence in the operation of its train, and the latter filed a general denial, and by way of special answer it alleged that it was not liable under the laws and jurisprudence of the republic of Panama, and further that the injury to the minor, Noel Pigott, was the result of his own negligence.

"The case was tried before a jury on the 15th of February, 1917, in the Cristobal division of the District Court of the Canal Zone, and resulted in a

verdict and judgment in favor of the defendant in error in the sum of $7,-500. The plaintiff in error now brings this case to this court on writ of error, and is asking that the judgment of the trial court be set aside for the reasons stated in the plaintiff in error's assignments of error."

Then follow some 13 assignments of error, complaining of the trial court's refusal to grant a continuance, to grant a new trial, and to direct a verdict for the plaintiff in error; also refusing special instructions requested, and complaining of instructions given to the jury on the merits of the case. We have carefully considered all the assignments of error in the light of the elaborate briefs presented in the case, and conclude that none of the assignments of error present any reversible error.

[1, 2] Motions for continuance and for a new trial, under the Panama law and the general jurisprudence of this court, are questions within the discretion of the trial court, and not reviewable upon appeal, unless abuse of the discretion is shown, and none appears in this case.

[3] The motion for a directed verdict was properly refused, because the evidence in the case as to the negligence of the plaintiff in error and contributory negligence on the part of the minor, Noel Pigott, was conflicting, and not only warranted, but required, a submission of the case to the jury.

[4] The vital questions involved in this case as to the claimed construction of the laws of Panama have been settled in this and the Supreme Court adversely to the contention of the plaintiff in error. See Panama Railroad Co. v. Bosse, 239 Fed. 303, 152 C. C. A. 291; recently affirmed in the Supreme Court at the present term (249 U. S. 41, 39 Sup. Ct. 211, 63 L. Ed. ——); Panama Railroad Co. v. Toppin, 250 Fed. 989, —— C. C. A. ——; Railroad Co. v. Gladmon, 15 Wall. 401, 21 L. Ed. 114; Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485.

As we find none of the assignments of error well taken, the judgment of the District Court is affirmed.