## THEOKTISTOU v. PANAMA R. CO.*

(Circuit Court of Appeals, Fifth Circuit. May 2, 1925. Rehearing Denied July 2, 1925.)

### No. 4479.

**I. Courts ⬩92—Evidence held not to sustain finding that under law of Panama employer is not liable for negligence of his licensed chauffeur.**

That under Civ. Code Panama, arts. 1644, 1645, employer is not liable for negligence of his licensed chauffeur within scope of his authority, *held* not satisfactorily proved by decision of Supreme Court of Panama, in which discussion of that question was mere dictum.

**2. Master and servant ⬩304—Employer liable for negligence of employees in insufficiently attaching trailer to automobile truck, causing damage.**

If damages to building and property therein, when trailer became detached from moving automobile truck and collided with building, resulted from negligence of employees of owner of truck, other than driver, in insufficiently attaching it to truck, owner was liable, under Civ. Code Panama, arts. 1644, 1645.

**3. Courts ⬩7—Transitory action accruing in another jurisdiction maintainable, unless against good morals, natural justice, or interests of citizens of forum.**

Transitory action accruing in another jurisdiction may be maintained, unless its enforcement is against good morals, natural justice, or general interests of citizens of country of forum.

**4. Courts ⬩9—Defendant's liability for damages to property used in selling intoxicating liquor in Panama enforceable in Canal Zone.**

Action to enforce defendant's liability under laws of Panama for damage to hotel and property therein may be maintained in courts of Canal Zone, notwithstanding intoxicating liquor was sold in hotel, since prohibition laws have no extraterritorial effect.

In Error to the District Court of the United States for the Canal Zone; John D. Wallingford, Judge.

Action by Simon Theoktistou against the Panama Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

*Certiorari denied 46 S. Ct. 25, 69 L. Ed. ——.

Chauncey P. Fairman, of Cristobal, Canal Zone, for plaintiff in error.

John O. Collins and Newton A. Becker, both of Ancon, Canal Zone, for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action, brought in the District Court of the Canal Zone, by the plaintiff in error, a resident of Colon, in the republic of Panama, against the defendant in error, the Panama Railroad Company, a New York corporation, having its principal office and place of business in Balboa Heights, in the Canal Zone. The respective parties are herein referred to by their designations in the court below. The complaint contained allegations to the following effect:

The defendant owns and operates a line of railway extending through the territory of the Canal Zone, with terminals at Balboa and Cristobal in the Canal Zone, and in connection with such railway owns and operates a commissary and general department store for the sale and disposal of foodstuffs and other supplies and merchandise to its employees and other customers, in the conduct whereof it owns and operates motor trucks used in delivering commodities sold to its customers in the city of Colon and elsewhere. On or about the 22d day of April, 1921, a motor truck and a trailer attached thereto, while in charge of servants or employees of the defendant and used in delivering commodities sold by the defendant, were so managed and operated that said truck and its trailer left the street in front of a building in the city of Colon, in the republic of Panama, which was occupied by the plaintiff and used by him in operating a hotel, with cabaret, restaurant, and bar, known as "Hotel Gran Bretana," and came into forcible collision with the sustaining pillars and supports in front of said building, thereby wrecking the front entrance of that building, and destroying and damaging furniture, fixtures, supplies, and merchandise of plaintiff located in said building, and causing said building to become unfit for habitation or the conduct of plaintiff's said business therein. Said building was erected on land belonging to the defendant, and was owned by a person who was a lessee of the defendant and the lessor of the plaintiff; the terms of the lease made by the defendant calling for the removal of the building from the leased land upon the expiration of the lease.

The complaint attributed said collision and the consequent damage to the negligence of defendant's employees in the operation of the truck and trailer, and to negligence of the defendant, its agents, servants, and employees, in so insecurely attaching the trailer to the truck that in turning from one street to another the trailer was liable to be detached from the truck and the movements of the trailer could not be controlled or directed. The complaint set out article 1644 of the Civil Code of the republic of Panama, which is copied below, and stated that that provision was relied on to sustain the cause of action asserted.

The defendant's answer put in issue the allegations of the complaint as to negligence and damage and set up the following special defenses: That the cause of complaint is transitory, based upon and the alleged damages flowing from the sale of alcoholic liquors, which business is contrary to the public policy of the Canal Zone. That the action could not be sustained under the law of Panama, as interpreted by the Supreme Court of Panama, that law consisting of the following articles of the Civil Code of Panama, effective July 1, 1917:

"Art. 1644. He who by act or omission, causes damage to another because of his own fault or negligence, is obliged to repair the damage caused.

"Art. 1645. The obligation which the preceding article imposes is exigible not alone for one's own acts and omissions but also for those of persons for whom he is responsible.

"The father, and in case of death or incapacity of the father, the mother are responsible for the damages caused by their minor children who are living with them.

"Guardians are responsible for the damages caused by minors or those legally incompetent who are under their authority and live in their company.

"Equally responsible are the owners and directors of an establishment or enterprise with respect to the damages caused by their employees in the service of the branches in which they may be employed, or with relation to their duties.

"The state is responsible in this relationship when it acts through the means of a special agent; but not when the damage shall have been caused by the official who has responsible charge of the management of

the enterprise, in which case the provisions of the previous article will be applicable.

"Finally, supervisors or directors of trades and occupations are responsible with respect to injuries caused by their pupils or apprentices so long as these remain under their supervision.

"The responsibility of which this article treats ceases when the persons mentioned in it prove that they employ all the care of a good father of a family in order to prevent damage."

Evidence adduced in the trial tended to prove the following: The building in Colon, Panama, known as Hotel Gran Bretana, occupied and used by the plaintiff in conducting a saloon, restaurant, and rooming house, was injured by a trailer, which had been attached to a truck of defendant, leaving the road or street, going over the curb and sidewalk, and colliding with columns supporting the front of the building. Thereby furniture and other property of plaintiff was damaged, and his business was interrupted and injured. Defendant's employee, who was in charge of said truck, was licensed as a chauffeur by the republic of Panama. His reputation as a chauffeur was good. A witness for the defendant, who was a practicing lawyer in the republic of Panama, testified to the effect that he did not think that in the republic of Panama the master or employee would be responsible if a duly licensed chauffeur, operating a truck for his employer, so operated that truck that a trailer attached thereto caused damage. The testimony of that witness showed that his just-mentioned statement as to the law of Panama was based on what was said in an opinion or decision rendered by the Supreme Court of Panama in October, 1918, in the case of Orozco v. Panama Electric Co., a translated copy of which opinion or decision was put in evidence.

At the conclusion of the evidence the court sustained a motion of the defendant for a directed verdict on the following grounds:

"(1) The locus of the action is the republic of Panama, and the proof of the law of that jurisdiction as herein presented shows that recovery could not be had under the laws of the republic for the damages caused through negligence of a chauffeur who was duly licensed by the government, and through the use of equipment which defendant had taken due care, was of standard quality, construction and mechanism.

"(2) The alleged damage is to a business devoted to the sale of alcoholic liquors in the republic of Panama and the transitory action which arises therefrom could not be maintained in the Canal Zone because the sale of liquor is contrary to the law of the Canal Zone and the maintenance of a liquor establishment in any building in the Canal Zone would subject that building to illegality as a nuisance. This transitory action is therefore contrary to the public policy of the Canal Zone and should not be entertained in the courts thereof.

"(3) The evidence submitted has not proven negligence on the part of the defendant, the claim for damages is purely speculative, and the items on which the damage claims are based are too remotely related to the alleged cause of damage to justify a verdict against the defendant."

[1] It does not appear from the record that the court indicated which of the grounds stated in the motion was relied on to sustain the granting of that motion. Each of those grounds will be considered. The first-stated ground was not a tenable one, unless the evidence adduced showed that under the law of Panama the state of facts which evidence adduced tended to prove did not give rise to a right of action in favor of plaintiff against the defendant. As above indicated, the evidence as to the law of Panama consisted of the above quoted provisions of the Civil Code of Panama, the testimony of one witness and the court opinion upon which the conclusion of that witness was based. Unless the last-mentioned evidence is entitled to controlling effect, the quoted provisions of the Civil Code well support the conclusion that the defendant was responsible for damage to plaintiff's property, caused by the want of care or negligence of the former's employee while engaged in the service he was employed to render. Panama R. Co. v. Toppin, 250 F. 989, 163 C. C. A. 239.

The decision in the case of Orozco v. Panama Electric Co. was to the effect that the defendant therein, a tramway company, was liable in damages for the death of a person which was caused by the negligence of the defendant's employees in the operation of its cars. No question as to the liability of an employer of a licensed chauffeur was presented for decision in that case. What was said on that subject in the opinion mentioned was part of a quite discursive consideration of questions as to an employer's liability for conduct of his employee, was what is usually referred to as mere dictum, and was not made the basis of any decision

rendered. So far as appears, no court in the republic of Panama has ever had occasion to pass on the question of the liability of the employer of a licensed chauffeur for the latter's negligence while acting within the scope of his employment. The expressed view that the employer of a licensed chauffeur is not liable for the latter's negligence was based on the consideration that the employer's freedom of choice in selecting an employee to operate a motor vehicle is impaired by the requirement that chauffeurs be licensed. In the absence of a showing that a license would or could be withheld from a duly qualified applicant selected as a chauffeur by an employer, it does not seem that the requirement of a license so far impairs an employer's freedom of choice in selecting a chauffeur from those whose qualifications are evidenced by licenses as to be a valid reason for exempting the employer from liability for negligence of his chauffeur in the performance of the service for which he was employed. To say the least, the views on that subject expressed under the circumstances mentioned by the writer of the opinion in the Orozco Case cannot properly be regarded as conclusive or satisfactory evidence of the existing law of Panama as to the liability of an employer of a licensed chauffeur.

[2] Furthermore, evidence adduced furnished support for a finding that the injury complained of was attributable in whole or in part to negligence of an employee or employees of the defendant other than the driver of the truck. There was evidence tending to prove that in turning a street corner the trailer became detached from the truck, swerved from its course, and collided with pillars supporting the building occupied by plaintiff, in consequence of the insufficiency of the means used in attaching the trailer to the truck. There was ground for inferring that employees of the defendant who were charged with the selection and supervision of its equipment were guilty of negligence which proximately contributed to the injury complained of. Under the above-quoted provisions of the Civil Code of Panama the defendant was liable for the consequences of such negligence of its employees. It follows that the first-mentioned ground of the motion was not a tenable one.

[3, 4] The action having been brought on a cause arising outside of the jurisdiction in which the suit was brought, the above-mentioned motion was not properly granted on the second ground stated therein, unless the enforcement of the asserted liability was against good morals, natural justice, or the general interests of the citizens of the country in which the suit was brought. Cuba R. Co. v. Crosby, 222 U. S. 473, 32 S. Ct. 132, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40; Northern Pacific R. Co. v. Babcock, 154 U. S. 190, 14 S. Ct. 978, 38 L. Ed. 958; Reynolds v. Day, 79 Wash. 499, 140 P. 681, L. R. A. 1916A, 432. Though the lawful business in which plaintiff was engaged in Panama included the sale of intoxicating liquor, his carrying on of that business where it was legal to do so had no tendency to interfere with the enforcement of constitutional and statutory prohibitions of the manufacture, sale, etc., of such liquors within the United States and territory subject to the jurisdiction thereof. Those prohibitions do not purport to operate extraterritorially, or to affect the enforceability of liabilities incurred in a foreign state, where the incurring of such obligations and the enforcement thereof are consistent with the due operation of those prohibitions. The effectiveness of such prohibitions would not be impaired by enforcing the liability incurred by the defendant in Panama in consequence of property lawfully used there being damaged by conduct for which the defendant was responsible. We are not of opinion that the enforcement by the court below of such liability created by the law of Panama is against good morals, natural justice, or the general interests of citizens of the United States. It follows that the above-mentioned motion was not sustainable on the second ground stated therein.

There was no merit in the third ground stated in the above-mentioned motion. The allegations and proofs showed the infliction of property damage under such circumstances as made the defendant liable to the plaintiff therefor. The conclusion is that the above-mentioned ruling was erroneous. Because of that error, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.