**CARMACK et al. v. PANAMA COCA COLA BOTTLING CO.**

No. 13470.

United States Court of Appeals Fifth Circuit.

July 17, 1951.

Rehearing Denied Aug. 10, 1951.

Donald J. McNevin, Ancon, Canal Zone,. for appellant.

Cicero C. Sessions, Richard B. Montgomery, Jr., New Orleans, La., Gilberto Arias, Harmodio Arias, Panama City, Rep. of Panama, L. S. Carrington, Ancon, Canal Zone, for respondent.

Before HOLMES, BORAH, and RIVES,. Circuit Judges.

BORAH, Circuit Judge.

The plaintiff, Peggy Ruth Carmack, and her husband, Ralph E. Carmack, brought this suit in the United States District Court for the District of the Canal Zone against the defendant, Panama Coca Cola Bottling Company, to recover damages for injuries resulting from an accident which. occurred in the City of Colon in the Republic of Panama when a truck owned by defendant and operated by its agent negligently ran into and injured Peggy Ruth Carmack. It is alleged that plaintiffs are citizens of the United States and residents of the Canal Zone; that the defendant is a corporation organized and existing under the laws of the Republic of Panama with its home office in Panama City, Panama; that it was doing business in the Canal Zone and had property within the jurisdiction of the court; and that it had designated the executive secretary of the Panama. Canal as its agent for service of process.

Upon the filing of suit a summons was. issued and service was made upon the exe--

cutive secretary. Whereupon the defendant appearing specially and before answer moved to quash the service on the ground that its designation of an agent to accept service of process was intended to cover only causes against defendant arising within the Canal Zone and did not extend to receiving service in suits on causes of action arising elsewhere. The court sustained the motion. Thereafter an amended complaint was filed and an alias summons was issued and served on one Calloway, who had in the meantime been appointed defendant's agent for service of process. A motion to quash the alias process was filed by the defendant and this motion, which was based on the same grounds as were asserted in the original motion, was likewise sustained by the court.

Appealing from the orders of the court sustaining the successive motions to quash service plaintiffs are here insisting that the defendant was properly served in both instances, that the court had jurisdiction of the person of the corporation and had the power to adjudicate the cause.

■ At the outset we are confronted with a motion to dismiss the appeal which we have considered along with the merits of the case and to that motion we now direct our attention for if it is meritorious we may proceed no further. The motion grounds asserted are twofold. First, that the court did not enter an order or decree quashing the alias summons and in consequence there was nothing from which an appeal could be taken. Second, that if the

court's opinion is to be considered as a decree it is still not a final decree from which an appeal can be taken. We find no merit in either contention. The writing which appellee characterizes as an opinion shows on its face that it is an "order" and it is expressly denominated as such. Though somewhat unorthodox in form, it does reflect what it purports to be and its concluding language is "with exceptions to plaintiff." One of the grounds urged in support of the motion to quash is that the defendant has no place of business or office or property of any kind within the Canal Zone. If this allegation is correct, and the defendant may not gainsay its truthfulness, plaintiff is without redress unless an appeal lies from the order of the court below. We think it clear that the order quashing the summons is so far final as to prevent the further prosecution of suit and that consequently the order is appealable and the cause is properly here. Rosenberg Bros. & Co. v. Curtis Brown, 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; Henderson v. Richardson Co., 4 Cir., 25 F.2d 225. The motion to dismiss the appeal should therefore be overruled.

The District Court of the Canal Zone,[1] a court of general jurisdiction, is empowered to try all cases in equity and all actions at law involving principal sums exceeding five hundred dollars subject only to the limitations set forth in the margin.[2]

Title 3, Section 221 of the Code, to the extent here pertinent, provides: "No corporation organized under the laws of any

1. Canal Zone Code, Title 7, Sec. 23.

2. Canal Zone Code, Title 4, Sec. 121, provides: "No civil action or special proceedings shall be brought or proceeded with in the courts of the Canal Zone, in any case in which both of the parties, plaintiff and defendant, are alien nonresidents of the Canal Zone, and the cause of action is one which arose without the territorial limits of the Canal Zone, and the party proceeded against has no property within said territorial limits, subject to the jurisdiction of the Canal Zone courts.

"Neither shall any civil action or special proceeding be brought or proceeded with in the courts of the Canal Zone when both parties, plaintiff and defendant, though citizens of the United States, are found transiently within the limits of the Canal Zone, unless the cause of action is one arising within the said territorial limits, or the party proceeded against has property within the said limits, subject to the jurisdiction of the Canal Zone courts.

"This section shall not be construed to exclude from the jurisdiction of the Canal Zone courts cases between parties who have an official or business residence within the territorial limits of the Canal Zone Government, or who reside therein for the purpose of any occupation or employment, notwithstanding that they may not have acquired a permanent residence within said territorial limits."

State or Territory of the United States or of any foreign country shall do business in the Canal Zone or maintain an office therein until it shall have filed with the executive secretary of the Panama Canal:

"(a) An application for a license setting forth the name of the corporation, the names of its officers and directors, and a statement showing the general nature of the business in which it desires to engage in the Canal Zone; * * *

"(d) Every corporation must, at the time of filing its application, file in the office of the executive secretary a designation of some person residing within the Canal Zone and the place of business or residence of such person upon whom process issued by authority of or under any law of the Canal Zone may be served. * * * Process may be served on the person so designated, or, in the event that such person cannot be found at the place designated or in the event that no such person is designated, then on the executive secretary of the Panama Canal, or his successor in office, and such service shall be a valid service on such corporation. * * *"

 The appellee does not question the validity of the service on its agent but insists that the court below was right in holding that it had no jurisdiction over the person of the defendant corporation. Cases such as Louisville & N. R. Co. v. Chatters, 279 U.S. 320, 49 S.Ct. 329, 73 L.Ed. 711, and Simon v. Southern Railway, 236 U.S. 115, 35 S.Ct. 255, 59 L.Ed. 492, on which appellee relies, are not controlling in that they involve the question of state and not federal jurisdiction. The question there involved was whether a foreign corporation could be subjected to state jurisdiction by force of state statutes when the cause of action arose outside of the state. But here the jurisdiction of the federal court was not created by, and does not depend upon, the statutes of the several states. Barrow Steamship Co. v. Kane, 170 U.S. 100, 111, 18 S.Ct. 526, 42 L.Ed. 964. It is to be determined upon the federal statutes and decisions. Neuss, Hesslein &

Co. v. Van Der Stegen, 9 Cir., 10 F.2d 773, 775. Jurisdiction over the person of the defendant may be acquired by actual service of process within the jurisdiction upon him, or upon someone authorized to accept service in his behalf. In cases of corporations, it was at one time held that they were so present only in the state where they were organized; but this view no longer prevails, and they are now held to be jurisdictionally present wherever they are sufficiently engaged in business and are represented by an agent competent to receive service of process upon them. Bank of America v. Whitney Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594. Or, as was said in the case of People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 235, 62 L.Ed. 587. "The general rule deducible from all our decisions is that the business must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and is by its duly authorized officers or agents present within the state or district where service is attempted. Philadelphia & Reading Co. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; St. Louis Southwestern R. Co. v. Alexander, 227 U.S. 218, 226, 33 S.Ct. 245, 57 L.Ed. 486."

Whether we resolve the problem here presented in the light of these general principles or whether we extend to this case the criteria formulated and applied[3] in the more recent case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, we think that the allegations of the complaint are sufficient to show that the corporation was doing business in the Canal Zone in such manner and to such extent as to warrant the inference that it was present there; that it has property within the jurisdiction of the court; and that the agent named had authority to receive service of process.

 Presence in the Canal Zone having been determined, it is clear that jurisdiction is not limited to business done by the corporation there. The liability to suit depends not on the situs or character of the

---

3. See Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33, 35.

business out of which the litigation arises but on the fact that the corporation is present and therefore amenable to process. Frink Co. v. Erikson, 1 Cir., 20 F.2d 707, 711. If, as here, the action is transitory, its source or origin is immaterial.

■ "An action to recover damages for a tort is not local, but transitory, and can, as a general rule, be maintained wherever the wrongdoer can be found." Stewart v. Baltimore and Ohio Railroad Co., 168 U.S. 445, 448, 18 S.Ct. 105, 106, 42 L.Ed. 537; 20 C.J.S., Corporations, § 1922; Vol. 4 Cyclopedia of Federal Procedure, Ch. 11 § 984. But in the few states where the rule does not prevail, it does not bar the federal courts of jurisdiction if the cause of action and the controversy come under the grant of federal jurisdiction. Barrow Steamship Co. v. Kane, supra. In Panama Electric Ry. Co. v. Moyers, 5 Cir., 249 F. 19, 20, plaintiff instituted suit against defendant in the United States District Court of the Canal Zone to recover damages for injuries to an automobile which were occasioned by a collision in Panama with a car belonging to defendant. It was alleged that plaintiff was a resident of the City of Panama, Republic of Panama, and that the defendant company was a common carrier of passengers between Balboa, Canal Zone, and the City of Panama, and that it was doing business in the Canal Zone, and had property within the jurisdiction of the court. There was no allegation as to the citizenship of the parties. The defendant entered a plea to the jurisdiction, alleging that the court had no jurisdiction over the defendant in person, nor of the subject matter of the action. In disposing of this plea we said, "the authorities seem to establish that the courts of the Canal Zone are not without jurisdiction of cases of the kind here involved. The action is one known as transitory, and the rule appears to be that courts anywhere will entertain jurisdiction if service may be had upon the defendant." See Theoktistou v. Panama R. Co., 5 Cir., 6 F.2d 116. It results, therefore, that the judgment of the District Court for the Canal Zone cannot be sustained.

Reversed and Remanded.