**Voorhies STELLY, Plaintiff-Appellant,**

v.

**EMPLOYERS NATIONAL INSURANCE COMPANY and Bauer Dredging Company, Inc., Defendants-Appellees.**

**No. 28847.**

United States Court of Appeals, Fifth Circuit.

Aug. 25, 1970.

Domengeaux, Wright & Bienvenu, William P. Rutledge, Lafayette, La., for plaintiff-appellant.

Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Maurice C. Herbert, Jr., New Orleans, La., for defendants-appellees.

Before JONES, WISDOM, and COLEMAN, Circuit Judges.

## ON PETITION FOR REHEARING

PER CURIAM:

This appeal by Voorhies Stelly against Bauer Dredging Company was scheduled to be argued on June 10, 1970. On May 15, 1970, however, this Court dismissed the appeal for lack of jurisdiction for the reason "that no application for leave to appeal was timely filed within the ten day period allowed by 28 U.S.C. § 1292 (b) from the *interlocutory* order of the District Court of July 31, 1969". (Emphasis added.) *See* Borskey v. American Pad & Textile Co., 5 Cir. 1961, 296 F.2d 894. The district court had quashed service of process on Bauer Dredging Company and had also transferred the case to the Southern District of Texas under 28 U.S.C. § 1406(a).[1] Stelly petitioned this Court for a rehearing on the ground that the district court's order was a *final* order and that certification under Section 1292(b) was surplusage. The appeal was returned to the calendar and the parties were requested to present argument on this question. We hold that the order of the district court was interlocutory and that the appeal was properly dismissed.

---

1. § 1406. *Cure or waiver of defects*

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought.

(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue.

(c) If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court.

(d) As used in this section, "district court" includes the United States District Court for the District of the Canal Zone; and "district" includes the territorial jurisdiction of that court. As amended May 24, 1949, c. 139, § 81, 63 Stat. 101; Sept. 13, 1960, Pub.L. 86–770, § 1, 74 Stat. 912; Oct. 18, 1962, Pub.L. 87–845, § 10, 76A Stat. 699.

## I.

■ An order transferring a case under 28 U.S.C. § 1406(a) is interlocutory. An order transferring a case under 28 U.S.C. § 1404(a) [2] also is interlocutory. Crummer Co. v. Du Pont, 5 Cir. 1952, 196 F.2d 468, cert. denied, 344 U.S. 856, 73 S.Ct. 91, 97 L.Ed. 665; Charles Pfizer & Co. v. Olin Mathieson Chemical Corp., 5 Cir. 1955, 225 F.2d 718; Continental Grain Co. v. Federal Barge Lines, Inc., 5 Cir. 1959, 268 F.2d 240, affirmed on other grounds, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540; In re Humble Oil & Refining Co., 5 Cir. 1962, 306 F.2d 567.

In Koehring Co. v. Hyde Const. Co., 5 Cir. 1963, 324 F.2d 295, we held that a district court could order a change of venue under section 1404(a) notwithstanding the fact that the transferor court did not have personal jurisdiction over the defendant. Our holding rested primarily on the Supreme Court's decision in Goldlaw, Inc. v. Heiman, 1962, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39. We concluded that the same considerations of convenience and procedural reform that prompted the enactment of Section 1406(a) applied to Section 1404 (a). That conclusion is applicable here. As the Second Circuit stated in D'Ippolito v. American Oil Co., 2 Cir. 1968, 401 F.2d 764:

> It is hard to see how any order could be less "final" than one which merely transfers an action for trial from one district to another in the federal judicial system, whether the transferee district is in the same circuit or a different one.

## II.

■ Stelly's argument that the district court's order quashing service of process is a final adjudication of the rights and liabilities of the parties relies upon the Supreme Court's holding in Rosenberg Bros. & Co. v. Curtis Brown Co., 1923, 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372. In *Rosenberg* a New York corporation brought suit against an Oklahoma corporation in the New York state court. Service of process was by delivery of a summons to the defendant's president while he was temporarily in New York. The case was removed to the federal court when the defendant moved to quash the summons on the ground that it was not amenable to process at the time of service. The district court granted the defendant's motion. On appeal, the Supreme Court held:

> The order entered below, although in form an order to quash the summons, and not a dismissal of the suit, is a final judgment; and the case is properly here.

260 U.S. at 517, 43 S.Ct. at 171, 67 L.Ed. at 375. The Court viewed the order as effectively terminating the litigation so that there could never be any recovery against the defendant if the order were to stand. See Moss v. Kansas City Life Ins. Co., 8 Cir. 1938, 96 F.2d 108. In In re Melekov, 9 Cir. 1940, 114 F.2d 727, the court held that a writ of mandamus could not be used to order the district court to vacate an order qaushing and setting aside service of process on all of the defendants. The court, relying upon

**2.** § 1404 *Change of venue*

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

(b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on be-

half of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

(c) A district court may order any civil action to be tried at any place within the division in which it is pending.

(d) As used in this section, "district court" includes the United States District Court for the District of the Canal Zone; and "district" includes the territorial jurisdiction of that court. As amended Oct. 18, 1962, Pub.L. 87–845, § 9, 76A Stat. 699.

*Rosenberg,* held that the order was *in effect* a final judgment and was appealable through an appeal or a writ of error.

This Court in Carmack v. Panama Coca-Cola Bottling Co., 5 Cir. 1951, 190 F.2d 382, held that the district court's order quashing summons was a final decree from which an appeal could be taken. The potential injustice to the plaintiff if he was not permitted to appeal the district court's order was the primary concern in both *Carmack* and *Melekov.* In neither case did the court wish to expose the plaintiff to the necessity of having to re-file his lawsuit and risk the danger of having his suit barred by the applicable statute of limitations. In *Carmack* we said:

> We think it is clear that the order quashing the summons is so far final as to prevent the further prosecution of suit and that consequently the order is appealable. 190 F.2d at 384 (citing *Rosenberg*).

The danger and potential injustice that were present in *Rosenberg, Melekov,* and *Carmack* are not present here. In those cases it was apparent that if the orders quashing summons were to stand, the rulings would in effect have precluded the individual plaintiffs from their day in court. That is not this case. The district court's order clearly guards against any danger or potential injustice to Stelly. Stelly does not have to re-file his lawsuit, nor does he risk having his suit barred by the applicable statute of limitations. Stelly is still in the federal court although in a different room. The district court's order rather than having the effect of precluding Stelly from further prosecuting his lawsuit, guarantees that Stelly will have his day in court.

We hold that the district court's order is not final. See Bjorgo v. Weerden, 7 Cir. 1965, 342 F.2d 558.

The petition for rehearing is denied.