[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10452

Non-Argument Calendar

_____

MARK T. STINSON, SR.,

Plaintiff-Appellant,

*versus*

MARK YATES, et al.,

Defendants,

FCC FORREST CITY WARDEN,
OFFICER BLAIR,
LT. RANDLE,
OFFICER RENDON,
OFFICER CRAWFORD,

2                    Opinion of the Court                    24-10452

BOP, et al.,

                                        Defendants-Appellees,


JOHN T. FOWLKES,
Federal Judge,
DAMON KEITH GRIFFIN,
Asst. U.S. Attorney,
NATHAN PATRICK BROOKS
U.S. DOJ, Tax Division,
ARTHUR E. QUINN,
Public Defender Trial Attorney,
PATRICK E. STEGALL,
Public Defender Court Appointed, et al.,

                                        Consol Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24688-RKA

_____

Before NEWSOM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Mark Stinson, Sr., proceeding *pro se*, appeals from the district court's order transferring his case to the Eastern District of Arkansas and the Western District of Tennessee and from the court's paperless order striking his motion for reconsideration.

We lack jurisdiction over the transfer order because it was entered based on a lack of venue under 28 U.S.C. § 1406(a) and such orders are interlocutory and non-appealable. *Middlebrooks v. Smith*, 735 F.2d 431, 432-33 (11th Cir. 1984); *Stelly v. Emps. Nat'l Ins. Co.*, 431 F.2d 1251, 1253 (5th Cir. 1970). Additionally, we lack jurisdiction over the court's paperless order striking Stinson's motion for reconsideration because it is not final, given that he can still pursue his claims in the Eastern District of Arkansas and the Western District of Tennessee, and it is not immediately appealable under the collateral order doctrine because it can be effectively reviewed on appeal from a final judgment. *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245-46 (11th Cir. 2012); *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014).

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.