## ROSENBERG BROS. & COMPANY, INC. *v.* CURTIS BROWN COMPANY.

### ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NEW YORK.

No. 102. Argued November 16, 1922.—Decided January 2, 1923.

1. An order of the District Court quashing the summons in an action against a foreign corporation upon the ground that the defendant was not found in the State is in effect a final judgment, reviewable here under Jud. Code, § 238. P. 517.
2. Purchases of goods by a foreign corporation for sale at its domicile, and visits by its officers on business related to such purchases, are not enough to warrant the inference that it is present within the jurisdiction of the State where such purchases and visits are made; and service of summons on its president while temporarily in that State on such business is, therefore, void. P. 517.
3. The fact that the cause of action arose in the State of suit will not confer jurisdiction of a foreign corporation not found there. P. 518.

285 Fed. 879, affirmed.

ERROR to a judgment of the District Court quashing the summons, for want of jurisdiction, in an action against a foreign corporation.

*Mr. George H. Harris* for plaintiff in error.

. . *Mr. Jacob H. Corn,* with whom *Mr. Isaac Siegel* was on the brief, for defendant in error.

Mr. Justice Brandeis delivered the opinion of the Court.

Rosenberg Bros. & Company, Inc., a New York corporation, brought this suit in the Supreme Court of that State against Curtis Brown Company, an Oklahoma corporation. The only service of process made was by delivery of a summons to defendant's president while he was temporarily in New York. Defendant appeared specially; moved to quash the summons on the ground that the corporation was not found within the State; and, after evidence was taken but before hearing on the motion, removed the case to the federal court for the Western District of New York. There, the motion to quash was granted, upon the ground that the defendant was not amenable to the process of the state court at the time of the service of the summons. A writ of error was sued out under § 238 of the Judicial Code; and the question of jurisdiction was duly certified. The order entered below, although in form an order to quash the summons and not a dismissal of the suit, is a final judgment; and the case is properly here. *Goldey* v. *Morning News,* 156 U. S. 518; *Conley* v. *Mathieson Alkali Works,* 190 U. S. 406. Compare *The Pesaro,* 255 U. S. 216, 217.

The sole question for decision is whether, at the time of the service of process, defendant was doing business within the State of New York in such manner and to such extent as to warrant the inference that it was present there. *Philadelphia & Reading Ry. Co.* v. *McKibbin,* 243 U. S. 264, 265. The District Court found that it was not. That decision was clearly correct. The Curtis Brown

Company is a small retail dealer in men's clothing and
furnishings at Tulsa, Oklahoma. It never applied, under
the foreign corporation laws, for a license to do business
in New York; nor did it at any time authorize suit to be
brought against it there. It never had an established
place of business in New York; nor did it, without having
such established place, regularly carry on business there.
It had no property in New York; and had no officer,
agent or stockholder resident there. Its only connection
with New York appears to have been the purchase there
from time to time of a large part of the merchandise to be
sold at its store in Tulsa. The purchases were made,
sometimes by correspondence, sometimes through visits
to New York of one of its officers. Whether, at the time
its president was served with process, he was in New York
on business or for pleasure; whether he was then author-
ized to transact any business there; and to what extent
he did transact business while there, are questions on
which much evidence was introduced; and some of it is
conflicting. But the issues so raised are not of legal sig-
nificance. The only business alleged to have been trans-
acted by the company in New York, either then or
theretofore, related to such purchases of goods by officers
of a foreign corporation. Visits on such business, even
if occurring at regular intervals, would not warrant the
inference that the corporation was present within the
jurisdiction of the State. Compare *International Har-
vester Co.* v. *Kentucky,* 234 U. S. 579; *People's Tobacco
Co.* v. *American Tobacco Co.,* 246 U. S. 79. And as it was
not found there, the fact that the alleged cause of action
arose in New York is immaterial. Compare *Chipman,
Limited* v. *Thomas B. Jeffery Co.,* 251 U. S. 373, 379.

*Affirmed.*