JEFROY SILKS, Inc., v. PAPETERIES NA-
VARRE, SOCIETE ANONYME, AU CAPI-
TAL DE 100,000,000 FR. SIEGE, SOCIAL
A LYON.

**No. 91.**

Circuit Court of Appeals, Second Circuit.
Jan. 8, 1934.

Mortimer S. Gordon, of New York City
(Herman Keller, of New York City, of coun-
sel), for plaintiff-appellant.

Evarts, Choate, Sherman & Leon, of New
York City (Maurice Leon, of New York City,
of counsel), for defendant-appellee.

Before MANTON, AUGUSTUS N.
HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff is a New Jersey corporation
licensed to do business in New York with its
principal office in that state in New York
City. It manufactures cloth from rayon and
acetate yarns.

The defendant is a French corporation.
In April, 1932, it sent Xavier Dukers to the
United States to act as its agent to introduce
to the trade here a linseed oil sizing it manu-
factured under a process which it claimed
made it suitable for use in making the kind of
cloth manufactured by the plaintiff. Dukers
sold a quantity of this sizing to the plaintiff.
After giving it a thorough trial, the plaintiff
was dissatisfied with it and informed Dukers
that the sizing was not as represented. Du-
kers promised to make an adjustment. Hav-
ing failed to get satisfaction from Dukers,
the plaintiff wrote, on or about October 7,
1932, to the defendant at Paris, France, that
the sizing was not as warranted. On October
13, 1932, Dukers wrote the plaintiff that he
was going to France on the 15th of October
and expected to be away from New York
about two months; that during his absence
"the interests of Papeteries Navarre will be
taken care of by Mr. Batchelor," with whom
the plaintiff was to communicate if necessary,
and Mr. Batchelor's New York address was
given. Failing to receive a reply to the let-
ter it had written the defendant, the plaintiff,
on October 25, 1932, cabled the defendant,
"Must have immediate adjustment," and re-
ceived a reply on October 27th, "Kindly com-
municate Batchelor." Later the defendant
replied by letter dated October 26, 1932, to
the plaintiff's letter of October 7th, and after
assuring the plaintiff that the trouble "will
have our full attention within the terms of
your agreement with Mr. Dukers," said that
if any "new development happens we confirm
that you may consider Mr. Batchelor as our
representative."

When no satisfactory settlement seemed
possible, the plaintiff brought this suit
against the defendant by the service of a sum-
mons upon Batchelor in New York.

Batchelor had formerly been in the em-
ploy of the defendant in France and Algeria,
but not since 1928. He came to New York
on October 10, 1932, and was employed by
the American Delthirna Corporation. Du-
kers asked him as a favor to attend to a few
matters for the defendant while Dukers was
in France. No goods were consigned to him,
and all he did was "in the way of uncompen-
sated services of a temporary character re-
garding dealings with a few customers, not
more than six altogether to whom sales had
been effected by the export office of Papeter-
ies Navarre in Paris." The defendant had no
place of business in New York.

The sizing which Dukers sold was delivered by a trucking company which received it from the export department of the defendant in Paris; stored it in Brooklyn, N. Y., and delivered it to customers as directed by Dukers. The empty barrels were returned to the trucking company by the plaintiff. Invoices for the sizing were sent by Dukers from New York on the billheads of the defendant on which appeared a request that payment be made to Dukers. Checks in payment for such merchandise were deposited by Dukers in his account in a New York bank. The defendant had a small account in this bank that "was opened September 14th, 1932 with a deposit of fourteen hundred dollars ($1400.) which was rapidly reduced thereafter by payments made upon order of Xavier Dukers up to October 17th, 1932 and thereafter upon order of Thomas G. Batchelor." When Dukers left New York on October 15th, the balance remaining in the defendant's account was $66.12, and afterwards $690.15 was deposited to reimburse Batchelor for expenses incurred by him.

On these facts, the order vacating the service upon Batchelor was correct. All that can fairly be said of the transactions of Dukers in this country in behalf of the defendant is that they were of a temporary trial character to determine whether it would be advisable for the defendant to come here to do business. When Dukers left, Batchelor undertook to act as the intermediary between such customers as had unfinished business with Dukers and the defendant in France. He was to receive and transmit information. The only other thing he seems to have done, and that on his own initiative without the knowledge of the defendant, was to write the plaintiff on November 19, 1932, taking exception to some detrimental statements he had heard the plaintiff had made concerning the defendant.

In order to be served with process in New York in a personal action, this foreign corporation had to be doing business within the state in a way to warrant the inference that it had subjected itself to the jurisdiction; and service had to be made on an authorized agent. St. Louis S. W. R. R. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77. Without a place of business in New York, without being engaged regularly in carrying on business there, and without any license to do business there, it cannot be inferred that this French corporation was within the jurisdiction simply because Batchelor was acting for it in the attempt to adjust a few accounts left over from the transactions of Dukers. He was its representative only for that limited purpose and was the corporation in New York in no other capacity. Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc. (C. C. A.) 29 F. (2d) 164; Rosenberg Bros. & Co., Inc., v. Curtis Brown Co., 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372; Philadelphia & Reading Ry. Co. v. McKibbin, 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710; People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537.

Affirmed.