## ANDIS v. SCHICK DRY SHAVER, Inc.
### No. 6303.

Circuit Court of Appeals, Seventh Circuit.
Jan. 12, 1938.

Leverett C. Wheeler, S. L. Wheeler, and Warren G. Wheeler, all of Milwaukee, .Wis., for plaintiff-appellant.

Louis Quarles and Maxwell H. Herriott, both of Milwaukee, Wis., for defendant-appellee.

Before SPARKS· and MAJOR, Circuit Judges, and BALTZELL, District Judge.

SPARKS, Circuit Judge.

By this action appellant sought to recover damages from appellee and Gimbel Brothers, Inc., for infringement of his patent. The latter was sued as an infringing vendor of the accused device, and appellee was sued as a manufacturer of that device, and was alleged to be a contributory infringer, having a regular and established place of business in the Eastern District of Wisconsin. The marshal's return showed service on both defendants, and that upon Gimbel Brothers, Inc., is not questioned. Service upon appellee was attempted to be made upon P. G. Barton, and it was challenged.

The bill of complaint was filed on March 24, 1937. On April 9, 1937, appellee appeared specially and filed two affidavits, one by P. G. Barton, who for eighteen months last past, had been employed by appellee as sales representative on a commission basis, for the State of Wisconsin and upper Michigan; and the other by the first vice-president and general manager of appellee. The first affidavit, among other matters, stated that it was for use in support of a motion to quash service of subpoena and dismissal of said action as to appellee, and for no other purpose. The

second affidavit, among other matters, stated " * * * which defendant (appellee) does not appear herein generally, but only specially for the express and sole purpose of having quashed the service of the subpoena heretofore issued herein against said defendant, * * * said defendant now respectfully comes to this court specially for the purpose of having said alleged service upon it quashed."

. These affidavits were not traversed by appellant, and they established that appellee was a Delaware corporation, manufacturing dry shaving devices only in Stamford, Connecticut. The only office which it had outside of that city was an office maintained in Delaware pursuant to the requirements of the corporation laws of that state.

All orders for its goods, whether solicited in the State of Wisconsin or elsewhere, were subject to acceptance at the office in Stamford, Connecticut. The goods were shipped direct to the customer or on the customer's order. It was no part of the business of the solicitor to accept or collect payment for the goods thus ordered, and the Wisconsin solicitor, P. G. Barton, did not in fact collect the purchase price of goods for which he solicited orders.

The defendant, Schick Dry Shaver, Inc., maintained no stock of goods in Wisconsin and had no property of any kind whatsoever in that state, and did not, directly or indirectly, hold itself out as doing business there. It had no officers residing there. P. G. Barton personally maintained a service shop at his own expense, with his own employees, and repaired Schick Dry Shavers and sold parts therefor which he purchased outright from appellee. However, Schick Dry Shaver, Inc., had no interest in or control over said·service or sale of parts.

Upon these affidavits and the motion of appellee's solicitors, who appeared specially for the sole purpose of moving to set aside the service of the subpoena upon it, the court ordered appellant to show cause why an order should not be entered setting aside and vacating the service of the subpoena and dismissing the action as to appellee.

In response to this order the parties appeared on April 10, 1937, appellee appearing specially as aforesaid, and the matter was argued and submitted. The court on the same day entered a decree granting appellee's motion, with leave to appellant to make application for an alias subpoena directed to appellee within twenty days, and providing in case of default thereof that the action be dismissed as to appellee. On May 4, 1937, the following decree was entered:

"The purported service of the plaintiff's Bill of Complaint upon Schick Dry Shaver, Inc., a corporation, one of the defendants above named, having been vacated and set aside by order of this Court, on motion of said defendant, who appeared by counsel specially for that purpose on the 10th day of April, 1937, and the period of twenty days allowed by the Court for proper service having elapsed without plaintiff having served the defendant, Schick Dry Shaver, Inc.,

"Now, Therefore, It Is Decreed that the above entitled action be and the same hereby is dismissed as to the defendant, Schick Dry Shaver, Inc., a corporation."

Appellant's assignments of error are based on the fact that appellee moved to dismiss the bill. On this premise he argues that by making such motion appellee entered a general appearance, waived any questions of venue, and admitted the truth of all material allegations of the bill. He further argues that in dismissing the action for lack of finding appellee, a substantial right of appellant was violated. We are unable to accede to either the premise or the conclusions.

Equity Rule 29, 28 U.S.C.A. following section 723, provides that every defense in point of law *arising upon the face of the bill,* whether for misjoinder, nonjoinder, or insufficiency of facts, which before might have been made by demurrer or plea, shall be made by motion to dismiss or in the answer. The same rule abolishes demurrers and pleas. Hence, since the adoption of the rule a motion to dismiss answers the purpose of the demurrer, with respect to matters covered by the rule. However, in performing the functions of a demurrer it will only reach such defects as appear upon the face of the bill, and it would not be proper to say that every motion to dismiss is the equivalent of a demurrer for want of facts. The defects upon which appellee relied were lack of service and lack of venue, and the facts which established those defects did not appear upon the face of the bill. Indeed, they controverted the marshal's return and appellant's allegations of venue. To present these questions, appellee quite properly entered its special appearance, and

set forth facts under oath which fully established appellee's contentions, and these facts were never controverted by appellant. Moreover, they are not now controverted but they are sought to be avoided by the fact that appellee coupled its motion to set aside the service with its motion to dismiss for lack of venue, which motion it insists amounted to a general appearance and waived both service and venue. The record does not sustain this contention. It nowhere appears that appellee ever intended to enter a general appearance as contemplated by Equity Rule 29, and the court so considered, and stated that appellee entered a special appearance, and nothing more, for the sole purpose of testing the service and venue. In such case the motion to dismiss did not perform the function of a demurrer for want of facts.

■ Appellant urges, however, that appellee was not entitled to a dismissal of the action against it. Indeed, he contends that the suit should not have been dismissed against appellee until the issues against the other defendant had been finally determined. Under his theory it is not apparent why it should be dismissed even at that time, but the substance of his reasons for such delayed disposal is that appellee, before that time arrived, might have submitted itself to the jurisdiction of the court. He insists that if the service was defective, there was no action pending against appellee, and that it needed no other relief than the vacation of service. We can not subscribe to this doctrine. In the absence of a statute to the contrary it is the general rule that an action is deemed commenced so far as the parties to it are concerned from the time the writ, summons, or other process is issued and delivered, or put in course of delivery, to the officer, with a bona fide intent to have it served. Ross v. Luther, 4 Cow., N.Y., 158, 15 Am. Dec. 341. In support of his contention that a suit is not begun until service is had, appellant relies upon 3 Cyclopedia of Federal Procedure § 732. There the author is speaking of jurisdiction of the court, which is the power to decide, and of course that does not attach to the suit or parties until service is had. In the case at bar the writ was delivered to the marshal with directions to serve it upon appellee. The suit was then pending. The writ was served upon Barton as manager of appellee, who it was proved afterwards, was not such manager, and the service was set aside. The effect of this was not to dispose of or dismiss the action against appellee. The service merely was not executed against appellee, and under Equity Rule 14, 28 U.S.C.A. following section 723, the court granted appellant twenty days in which to make application for an alias subpoena, which was not done. The rule fixes no definite time in which to make such application. That of necessity must be left to the sound discretion of the court, and will be disturbed only in case of abuse. In support of his contention in this respect appellant has called our attention to a former unpublished ruling of Judge Geiger, in which he refused to dismiss an action against a defendant who had not been served, until the issues were decided against his co-defendant. This, if true, did no violence to the rule, nor did it unalterably fix the time to govern all cases. The court there merely exercised its discretion, and no one raised the question of abuse. In the case at bar, no question is raised as to the abuse of the court's discretion in limiting the time to twenty days, but the objection is that the court placed any limitation of time upon appellant's right to apply for an alias subpoena. In this we think there was no error, and that the case was properly dismissed as to appellant.

■ We have no doubt that appellee quite properly joined its motion to dismiss with its motion to set aside the service, and having specially appeared solely for that purpose, it can not be considered as having admitted the allegations of the bill. Certainly one should not be required to permit his name to stand as defendant upon the records of a court for an indefinite time without service. We think the ruling of the District Court was right, and is supported by the following decisions: Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372; Camp v. Gress, 250 U.S. 308, 39 S.Ct. 478, 63 L.Ed. 997; Mas v. Nu-Grape Co., 4 Cir., 62 F.2d 113; Prudential Ins. Co. v. McKee, 4 Cir., 81 F.2d 508; Wilson v. Beard, 2 Cir., 26 F.2d 860; Kelley v. T. L. Smith Co., 7 Cir., 196 F. 466; Jones v. Gould, 6 Cir., 149 F. 153.

Decree affirmed.