## ZUCKERMAN v. McCULLEY.

### No. 13804.

United States Court of Appeals
Eighth Circuit.

Dec. 14, 1948.

1016

Samuel H. Liberman, of St. Louis, Mo. (Gideon H. Schiller, of St. Louis, Mo., on the brief), for appellant.

B. Sherman Landau, of St. Louis, Mo. and (Louis E. Miller, of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

Samuel Zuckerman, of St. Louis, Missouri, died testate on October 25, 1946. His will named Una McCulley, his third wife, who divorced him in 1945, as executrix and residuary legatee. Letters testamentary were issued to her by the Probate Court of the City of St. Louis, Missouri, on October 31, 1946. Minnie Zuckerman, of Auburn, Maine, was the second wife of Samuel Zuckerman and the mother of his daughter, Betty Zuckerman, who was born August 6. 1929. By his will, Samuel Zuckerman left $1 to Minnie Zuckerman, and left to Betty Zuckerman $5 and approximately $4,000 of Government Bonds, "now standing in her name." Minnie Zuckerman, upon the claim that, at the time of his death, the testator was indebted to her in the sum of $12,860 for moneys which she had necessarily expended in the care, support, education and maintenance of Betty Zuckerman, brought this action in the District Court of the United States for the Eastern District of Missouri against Una McCulley, executrix, to establish the claim against the decedent's estate. The complaint was filed October 14, 1947. Summons was issued on that day and delivered on the following day to the United States Marshal for service.

Under the statutes of Missouri relating to the administration of estates of deceased persons, demands against such estates must be legally exhibited within one year from the granting of letters, or be "forever barred." Sec. 182, R.S.Mo.1939, Mo.R.S.A. Sec. 184 provides: "All actions commenced against such executor or administrator, after death of the deceased, shall be considered demands legally exhibited against such estate from the time of serving the original process on such executor or administrator." An alternative method for exhibiting a demand against an estate by serving notice of claim upon the executor or administrator is provided by Sec. 185, R.S.Mo.1939, Mo.R.S.A.

It is apparent that, under these Missouri statutes, the plaintiff (appellant) had one year from October 31, 1946, the day when letters testamentary were issued, to legally exhibit her demand against the estate of Samuel Zuckerman, and that, if she failed to do so, the claim would be "forever barred." An attempt to obtain substituted service of summons upon the defendant (appellee) was made on October 29, 1947. The defendant, who lived in St. Louis, Missouri, was in Illinois at that time and did

not return to St. Louis until November 2, 1947. The Marshal's return of service reads as follows:

"I hereby certify and return, that on the 15th day of October 1947, I received the within summons, and executed same by serving the defendant, Una McCulley by leaving a true copy of Summons, together with copy of Complaint attached thereto, as furnished by the Clerk of the Court, with an elderly Negro who answered the door and said that he was the janitor of the house but who would not give his name, at St. Louis, Missouri, on October 29, 1947.

Otto Schoen,
United States Marshal.
By Ray L. Kirgan,
Deputy United States
Marshal."

The defendant, on November 18, 1947, filed a motion to quash the return of service, upon the ground that service had not been made by leaving a copy of the summons and of the complaint at her "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," in conformity with Rule 4(d) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. At the hearing of the motion, testimony was introduced which showed that "the door" referred to in the Marshal's return was the front door of a rooming house at 5097 Washington Avenue, in the City of St. Louis; that the "elderly Negro who answered the door" was Henry Woods, who worked there during the day as a janitor, but who lived elsewhere; and that the files and records of the Probate Court indicated that 5097 Washington Avenue was the residence of the defendant. The District Court concluded that a janitor of a rooming house, who did not live in the house, was not "residing therein" within the meaning of Rule 4(d) (1); and on December 10, 1947, entered an order quashing the return of service. The plaintiff on December 20, 1947, filed a motion for a rehearing, pointing out that, under Rule 4(d) (7) of the Federal Rules of Civil Procedure, the service of summons was sufficient if it conformed to the Missouri practice, and that, under Sec. 27, Laws of Missouri 1943, page 366,

Mo.R.S.A. § 847.27, process may be served upon a defendant "by leaving a copy of the summons and of the petition at his dwelling house 'or usual place of abode with some person of his family over the age of 15 years." The plaintiff asserted in her motion that Henry Woods was a person of the defendant's family within the meaning of the Missouri statute. After giving careful consideration to the plaintiff's contentions, the District Court concluded that Henry Woods, the daytime janitor of the rooming house was not a person of the defendant's family. 7 F.R.D. 739. Consequently, on January 23, 1948, the court entered an order denying the plaintiff's motion for a rehearing with respect to the order quashing the return of service.

On February 2, 1948, the plaintiff procured the issuance of an alias summons, which, with a copy of the complaint, was personally served upon the defendant the following day. On February 24, the defendant filed a motion to dismiss the action upon the ground that the plaintiff's claim was barred by the statutes of Missouri, that the court was without jurisdiction, and that the complaint stated no claim upon which relief could be granted. It appears from the opinion of the court, 78 F.Supp. 380, that the plaintiff resisted the motion to dismiss, upon two grounds: (1) that, under Rule 3 of the Federal Rules of Civil Procedure, a civil action is commenced by filing a complaint with the court, and that therefore the filing of the complaint in this action tolled the applicable statute of Missouri limiting the time for exhibiting demands against the estate of Samuel Zuckerman; and (2) that the defendant's conduct in leaving the state of Missouri during the latter part of October 1947, to escape personal service of summons, estopped her from invoking the bar of the statute. The District Court entered an order dismissing the complaint on June 4, 1948.

The plaintiff, on July 1, 1948, filed her notice of appeal "from the order and final judgment entered June 4, 1948 dismissing plaintiff's complaint and from the order entered December 10, 1947 sustaining defendant's motion to quash the return of service and quashing the said re-

turn of service." The plaintiff seeks a review of each of these orders. The appeal from the order of dismissal of June 4, 1948, was taken within the 30 days allowed for appeal by amended Rule 73(a) of the Federal Rules of Civil Procedure, effective March 19, 1948. The appeal from the order of December 10, 1947, quashing the return of service—which order became final on January 23, 1948, when the District Court denied a rehearing—was obviously out of time. Prior to March 19, 1948, the time for appeal from a final order or judgment in a civil case was three months. 28 U.S.C.A. § 230.[1] The plaintiff, therefore, had not to exceed three months from January 23, 1948, within which to appeal from the order quashing the return of service. That order was a final and appealable order. Rosenberg Bros. & Company, Inc., v. Curtis Brown Company, 260 U.S. 516, 517, 43 S.Ct. 170, 67 L.Ed. 372; Moss v. Kansas City Life Ins. Co., 8 Cir., 96 F.2d 108, 109, 110; Wisconsin Mutual Ins. Co. v. Western Mutual Fire Ins. Co., 7 Cir., 107 F.2d 402. The time for appeal from a final order "cannot be extended by consent, waiver, acquiescence or even by order of the court." Alexander v. Special School Dist. of Booneville, 8 Cir., 132 F.2d 355, 358. This Court is therefore without jurisdiction to either affirm or reverse the order quashing service of summons. That leaves for consideration only the order dismissing the complaint.

■■■ The plaintiff argues, in effect, that the defendant waived her defense, based upon the State statute of limitations, by not including in her motion to quash service of summons a motion to dismiss the complaint. This, because of the provisions of Rule 12(g) and (h) of the Federal Rules of Civil Procedure. The question of waiver was not presented to the District Court nor considered or ruled upon by it, and is therefore not reviewable here. Goldie v. Cox, 8 Cir., 130 F.2d 695, 715. It is only in exceptional cases that this Court will pass upon a question of law first raised on appeal. Ayers v. United States, 8 Cir., 58 F.2d 607, 608, 609; Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.

2d 976, 981, 982. It seems highly improbable to us that a defendant who is claiming that he was not properly served with process is, nevertheless, required to join a motion to dismiss a complaint with his motion to quash the service of summons. Compare, Andis v. Schick Dry Shaver, Inc., 7 Cir., 94 F.2d 271, 273.

■■■ The instant action was, by virtue of Rule 3 of the Federal Rules of Civil Procedure, commenced on October 14, 1947, at the time the complaint was filed. The filing of the complaint, however, did not constitute an exhibition of the plaintiff's demand against the estate of Samuel Zuckerman under the statutes of Missouri which, in effect, required that the summons and complaint should be served upon the executrix within one year from October 31, 1946. It is settled law that a nonresident, seeking in a federal court to establish a claim against the estate of a decedent, is in no better or different position than a local creditor attempting to establish such a claim in the courts of the State. The federal court is required to give full effect to the applicable State law relative to the settlement of such estates. Security Trust Co. v. Black River National Bank, 187 U.S. 211, 227–231, 23 S.Ct. 52, 47 L.Ed. 147.

The case of Bomar v. Keyes, 2 Cir., 162 F.2d 136, 140, 141, upon which the plaintiff relies, held that, under Rule 3 of the Federal Rules of Civil Procedure, the filing of the complaint tolls the state statute of limitations applicable to a federal court action for damages under the Federal Civil Rights Act, 8 U.S.C.A. § 43, although the state statute fixes the beginning of an action at the date when process is served or is put in the sheriff's hands for service. The court in that case said, however: "We have not to deal with a case in which the limitation is annexed as a condition to the very right of action created." See, also, Isaacks v. Jeffers, 10 Cir., 144 F.2d 26.

■■■ It is our opinion that state statutes fixing the time and manner for the exhibition of demands against estates of deceased persons and providing that claims

---

[1] In 1948 Judicial Code, see 28 U.S.C.A. § 2107.

not so presented shall be barred, are not purely procedural, but are laws limiting the rights of parties (Security Trust Co. v. Black River National Bank, supra, page 231 of 187 U.S. page 59 of 23 S.Ct.), and are not affected or amended by Rule 3 of the Federal Rules of Civil Procedure. The plaintiff here, brought this action in time, but failed to legally exhibit her claim before it was barred by the statutes of Missouri.

The contention that the defendant, because of her absence from the state of Missouri during the latter part of October 1947, is estopped from setting up the bar of the statute has, we think, been sufficiently answered by the District Court. The defendant's absence did not prevent the plaintiff from making substituted service. State statutes such as those here in question are enacted in the interest of an orderly and expeditious administration of the estates of deceased persons, and not for the benefit of those who may happen to be appointed by the Probate Court as the representatives of such estates. It seems improbable to us that the Supreme Court of Missouri would hold that the absence of an executor or administrator from the State, regardless of intent, would extend the time within which demands against the estate in his charge could be exhibited or would subject the estate to the payment of demands which had become barred. In any event, this question is one of Missouri law with respect to which this Court is justified in accepting the views of the District Court. Magill v. Travelers Ins. Co., 8 Cir., 133 F.2d 709, 713; Doering v. Buechler, 8 Cir., 146 F.2d 784, 788; Railway Mail Ass'n v. Chamberlin, 8 Cir., 148 F.2d 206, 208; Russell v. Turner, 8 Cir., 148 F.2d 562, 564; Globe Indemnity Co. v. Wolcott & Lincoln, Inc., 8 Cir., 152 F.2d 545, 547; Elder v. Dixie Greyhound Lines, Inc., 8 Cir., 158 F.2d 200, 204, 205; Abbott v. Arkansas Utilities Co., 8 Cir., 165 F.2d 339, 340.

The order dismissing the complaint is affirmed. The appeal, in so far as it relates to the order quashing the return of service, is dismissed for want of jurisdiction.