Emil HORWITZ, Plaintiff,

v.

Nathan SHAINBERG, Herbert Shainberg, Ben Goldstein, Eugene Sebulsky, Sam Shainberg Dry Goods Co., Inc., and Sam Shainberg Company, Inc., Defendants.

Civ. No. 19261.

United States District Court
E. D. New York.
March 10, 1959.

Leonard Feldman, New York City, for defendants Sam Shainberg Dry Goods Co. Inc., Sam Shainberg Company, Inc., and Nathan Shainberg, for the motion.

Friedman & Friedman, New York City, by Hyman R. Friedman, New York City, of counsel, for plaintiff, in opposition.

RAYFIEL, District Judge.

The above-named corporate defendants and the defendant Nathan Shainberg have moved under Rule 12(b) (5) of the Federal Rules of Civil Procedure, 28 U.S.C. to vacate the service of the summonses upon said corporate defendants, or, in the alternative, pursuant to Section 1404(a) of Title 28 U.S.Code, to transfer this action to the United States District Court for the Western District of Tennessee, at Memphis.

The plaintiff, a resident of Queens County, New York, commenced this action in the Supreme Court of the State of New York, County of Queens, by the service of three summonses on Nathan Shainberg, a resident of Memphis, Tennessee, while he was in New York City. The plaintiff alleges that he is the assignee of the claim of Pease & Elliman, Inc., a New York Corporation, whose

principal office is in the Borough of Manhattan, City of New York, for brokerage commissions allegedly due it from Sam Shainberg Company, Inc., also sued herein under its former name of Sam Shainberg Dry Goods Company, Inc., a Tennessee corporation, whose principal place of business is in Memphis, Nathan Shainberg, Herbert Shainberg, Ben Goldstein and Eugene Sebulsky, all of whom are residents of Memphis, Tennessee. The three summonses served upon Nathan Shainberg, who is President of Sam Shainberg Company, Inc., were intended to effect service upon him individually and as an officer of the two corporations named in the action, although there is only one corporate entity involved, Sam Shainberg Dry Goods Company, Inc. having merely changed its name to Sam Shainberg Company, Inc. The corporate defendant appeared specially for the purpose of vacating the service of the summons upon it. The defendant Nathan Shainberg appeared generally, and the action was removed to this Court by the defendants on the ground of diversity of citizenship.

The corporate defendant seeks to vacate the service of the summonses upon it on the ground that it is not authorized to do business in New York, has no office or telephone here, and does no business here, except for the purchase of goods for its stores, none of which is located in New York. It argues that when Nathan Shainberg, its President, was served with the summonses he was not here on corporate business, but was in New York City to visit his sons, one of whom is an interne at New York Hospital and the other a student at Columbia University.

It relies principally on two cases; one, a New York case, Greenberg v. Lamson Bros. Inc., 273 App.Div. 57, 75 N.Y.S.2d 233, and the other, a federal case, Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372, which held that the mere purchase of goods in New York by a foreign corporation which operates a store located in another state is not "doing business" in New York so as to subject it to the service of process there.

The plaintiff contends that the corporate defendant does more than merely purchase goods in New York City. He points out that for a time it maintained an office at 200 West 34th Street, and that as recently as January 9, 1959 it had an office at 1241 Broadway, New York City, where its name and the name Mel Silver were listed on the building directory.

The defendants admit that the said Mel Silver is in the employ of the corporation as a buyer, who is assigned to New York for some months to carry out "an experimental piece goods buying program." An examination of the 1957–1958 New York City telephone directory, Borough of Manhattan, reveals that the corporate defendant was listed therein, at page 1508, as "Shainberg Sam Dry Goods Co. 200 W. 34 Lakwna 4–3023." There is no listing for the defendant in the 1959 directory. It is conceded, however, that the corporate defendant purchases a substantial quantity of its goods in New York.

■ It is a well-settled principle that each case of this kind rests on its own facts. Justice James O'Malley of the Appellate Division of the New York Supreme Court, in the case of Meinhard Greeff & Co., Inc. v. Higginbotham-Bailey-Logan Co., 262 App.Div. 122, 28 N.Y.S.2d 483, in discussing jurisdiction over a foreign corporation, stated at page 486, "The rules determinative of the situation here presented are clear, but their application is at times difficult. As stated in International Harvester Co. v. Commonwealth of Kentucky, 234 U.S. 579, at page 583, 34 S.Ct. 944, 58 L.Ed. 1479, *each case must depend upon its own facts*; and though the business transacted may be entirely interstate, the presence of a corporation within a jurisdiction is shown when it appears that the corporation is carrying on business in such a sense as to manifest its presence. 234 U.S. at page 589, 34 S.Ct. 944, 58 L.Ed. 1479." (Emphasis supplied.)

In the case at bar it is my conclusion that the corporation was amenable to process here. Contrary to the defendants' contention, the corporation did more than merely purchase goods in New York. It admittedly maintained an office here from February to June, 1957, and as late as January 9, 1959 it had at least one employee, Mel Silver, stationed in New York to carry on what is characterized in the defendants' papers as "an experimental piece goods buying program," in addition to which its other buyers purchased substantial quantities of goods here.

In International Shoe Company v. State of Washington, 326 U.S. 310, at page 318, 66 S.Ct. 154, at page 159, 90 L.Ed. 95, Chief Justice Stone had occasion to comment on the rule enunciated in Rosenberg Bros. & Co. Inc. v. Curtis Brown Co., supra, as follows: "Finally, although the commission of some single or occasional acts of the corporate agent in a state sufficient to impose an obligation or liability on the corporation has not been thought to confer upon the state authority to enforce it, Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372, *other such acts, because of their nature and quality and the circumstances of their commission, may be deemed sufficient to render the corporation liable to suit.* Cf. Kane v. State of New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222; Hess v. Pawloski, supra [274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091]; Young v. Masci, supra [289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158]." (Emphasis added.)

The motion to vacate the service of the summons on the corporate defendant is, therefore, denied.

I come now to the defendants' motion to transfer this action to the United States District Court for the Western District of Tennessee, at Memphis, pursuant to Section 1404(a) of Title 28 U.S. Code.

That section provides as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The complaint alleges claims for brokerage commission which, the plaintiff contends, were earned by the plaintiff's assignor when it effected the sale to C. G. Murphy & Company, of McKeesport, Pennsylvania, of stock in the corporate defendant, which the individual defendants, as officers and stockholders of the corporate defendant, failed and refused to consummate.

The defendants point out that, aside from the plaintiff, all of the parties are residents of Memphis, Tennessee, and all of its witnesses are either residents of Memphis, Tennessee, or of Pittsburgh, Pennsylvania, and, further, that of the three individual defendants, only one, Nathan Shainberg, was served with process herein, and the remaining two, being residents of Memphis, are not amenable to process here, thus necessitating piecemeal trials of the issues herein.

The plaintiff contends, and the defendants deny, that the alleged contract of employment of the plaintiff's assignor was made in New York, and that his choice of forum should not be disturbed.

Section 1404(a), supra, liberalized and extended the Rule concerning *forum non conveniens.* This was pointed out in the case of Norwood v. Kirkpatrick, 349 U.S. 29, when Justice Minton said, at page 32, 75 S.Ct. 544, at page 546, 99 L.Ed. 789: "When Congress adopted § 1404 (a), it intended to do more than just codify the existing law on *forum non conveniens.* As this Court said at Ex parte Collett, 337 U.S. 55–61, 69 S.Ct. 944, 947 [959], 93 L.Ed. 1207, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of *forum non conveniens,* dismissal of the action, was eliminated by the provision in § 1404 (a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the

interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."

▌ In view of the fact that *all* of the defendants are residents of Memphis, Tennessee, *all* of the stockholders in the defendant corporation are residents of that city, *all* of the defendants' witnesses are residents of either Memphis or Pittsburgh, Pennsylvania, and the further fact that the only forum in which jurisdiction can be had of all the defendants is in Memphis, Tennessee, I am convinced that "for the convenience of parties and witnesses, in the interest of justice" this action should be transferred to the United States District Court for the Western District of Tennessee, at Memphis, Tennessee, and, accordingly, the defendants' motion for that relief is granted.

Settle order on notice.