EDWIN RAPHAEL COMPANY, Inc.,
Plaintiff-Appellant,

v.

MAHARAM FABRICS CORPORATION,
Defendant-Appellee.

No. 13041.

United States Court of Appeals
Seventh Circuit.

Nov. 1, 1960.

Curtis F. Prangley, Mark H. Clayton, Chicago, Ill., for appellant.

Milton K. Joseph, Chicago, Ill., Byron G. Toben, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and DUFFY and MAJOR, Circuit Judges.

DUFFY, Circuit Judge.

In this suit, based upon diversity of citizenship, plaintiff sought to enjoin defendant from unfairly competing with plaintiff by selling certain drapery material which plaintiff claims contained plaintiff's unique, original and distinctive patterns. Plaintiff also sought damages.

Defendant, Maharam Fabrics Corporation, is a New York Corporation. Joseph Maharam of New York is the president and Samuel D. Maharam of New York

is vice president. The plaintiff is an Illinois corporation. Also involved in this suit is another Illinois corporation. Its corporate name is Maharam Fabrics Corporation of Illinois. Joseph Maharam of New York is also the president of this corporation, and Samuel D. Maharam of New York is the secretary. In conducting its business, this corporation customarily does not use the words "of Illinois", the last two words of its corporate name. The result is that the name usually used by the Illinois corporation is identical with the corporate name of the New York corporation. The Illinois corporation will hereinafter be referred to as Maharam (Illinois).

Two summonses were issued, the first on June 15, 1959 and the second on July 23, 1959. Service of the first summons was made on June 17, 1959, by delivery of a copy to Miss Jean Wieck at 420 North Orleans Street, Chicago. At this address were located the principal offices of Maharam (Illinois) corporation. Pursuant to an order of the Court, the second summons was served in New York on July 30, 1959, by leaving a copy with Mr. Sam Gorman who was an officer of the New York corporation. Defendant did not appear within twenty days of the service of the first summons, and on July 29, 1959, on motion of the plaintiff, without notice, the District Court declared the defendant to be in default and on said date a judgment by default was entered.

Defendant filed a motion to quash service of summons which had been issued on July 23, 1959, and to dismiss the action for improper venue. Defendant also moved to vacate the order of default entered July 29, 1959, and to quash the service of summons issued July 15, 1959. An affidavit of attorney Shulman was filed to show that as defendant's attorney, he failed to answer or plead within twenty days after the service of the first summons, under circumstances that amounted to excusable neglect.

The trial court found the default arose due to a misunderstanding of counsel, and was the result of excusable neglect and should be set aside under Rule 60(b),

Federal Rules of Civil Procedure, 28 U.S. C.A. An order was entered vacating the order of default, and quashing the service of summonses issued on June 15, 1959 and July 23, 1959, respectively. The instant appeal is from that order.

Defendant argues the order appealed from is not an appealable order. However, it is well established that an order granting a motion to quash service is appealable. Wisconsin Mutual Insurance Co. v. Western Mutual Fire Insurance Company, 7 Cir., 107 F.2d 402; Rosenberg Bros. & Company v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372.

It is true, an order vacating a default judgment is interlocutory in character. However, it may be reviewed in an appeal from a final judgment in the same case, since it is merged in the final judgment. Hamilton-Brown Shoe Co. v. Wolf Brothers & Co., 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629. We do not regard the point as of controlling importance in the instant case as it is clear from the record that the finding of the court of excusable neglect is based upon substantial evidence, and under no circumstances could such finding be said to be clearly erroneous.

On the merits, the principal contention of plaintiff is that Maharam (Illinois) was the agent for defendant, and therefore the latter was thus doing business in Illinois. Plaintiff argues that service upon an agent is good service on a foreign corporation, and that in the instant case, the service upon Miss Wieck who was an employee of Maharam (Illinois) was, in law, good service upon the defendant.

Plaintiff points out that stockholders of the defendant corporation owned 50% of the stock of Maharam (Illinois) and that the same person was the president of each; also, that the stockholders and directors of each corporation met in New York in 1958 and 1959. Plaintiff says that Maharam (Illinois), by omitting the last two words of its corporate name, does, in fact, operate under the name of the defendant; and that defendant pre-

pared a sample book to be used by Maharam (Illinois) which had the address of the Illinois corporation imprinted upon the cover. Plaintiff argues this is a case where corporate entities should be disregarded, and that Maharam (Illinois) be held to be a mere instrumentality or adjunct of the defendant.

We think the District Court was correct in finding the separate corporate entities of defendant and Maharam (Illinois) were genuine. The New York stockholders own 100% of the stock of the defendant corporation, and 50% of the stock of Maharam (Illinois). The other 50% of the Illinois corporation is owned by Hyman and Irwin Wiener who reside in Illinois. The Wieners have no interest in the defendant corporation. Three of the directors of Maharam (Illinois) represent the New York interest, and the other three the Illinois interests.

Other factors are, Maharam (Illinois) purchases less than 1% of its merchandise from the defendant, and the defendant has no customers in Illinois other than Maharam (Illinois). There is substantial evidence in the record to find that defendant is a buying agent for Maharam (Illinois) but that relationship would not be sufficient to make defendant amenable to process in Illinois.

Defendant was never licensed to do business in Illinois and never had a registered office or registered agent in the state. All orders for merchandise from Maharam (Illinois) to defendant were either by written order mailed to the defendant in New York and there accepted, or by telephone calls initiated in Illinois and completed in New York. Defendant, as buying agent for Maharam (Illinois), made a service charge for its services. All the business of defendant with Maharam (Illinois) amounted to about 6% of the total volume of the defendant's business.

We conclude defendant did not do business in Illinois either through Maharam (Illinois) or otherwise. We hold that under Illinois law, defendant did not have those minimal contacts which are essential to the transaction of any business within the state of Illinois. Trippe Manufacturing Company v. Spencer Gifts, Inc., 7 Cir., 270 F.2d 821, 823.

Affirmed.