ELECTRONIC MANUFACTURING
CORPORATION
v.
TRION, INC.
No. IP 62–C–20.

United States District Court
S. D. Indiana,
Indianapolis Division.
May 10, 1962.

Kunz & Kunz, Indianapolis, Ind., for plaintiff.

White, Raub & Forrey, Indianapolis, Ind., for defendant.

DILLIN, District Judge.

This is an action on account and for breach of certain written contracts. The plaintiff is an Indiana corporation and the defendant a Pennsylvania corporation, not admitted to do business in Indiana.

The record shows that the summons issued against the defendant was served on the Secretary of State of the State of Indiana pursuant to Burns' Indiana Statutes § 25–316 and Rule 4(d)(7), F.R. Civ.P., 28 U.S.C.A. Section 25–316 provides as follows:

"The engaging in any transaction or the doing of any business in this state by any foreign corporation not licensed nor admitted to do business in this state under any existing act or any act hereafter enacted shall be deemed equivalent to an appointment by such foreign corporation of the secretary of state, or his successor in office, to be the true and lawful attorney and agent of such foreign corporation upon whom may be served all lawful processes, writs, notices, or orders in any action or proceeding against such foreign corporation arising or growing out of, directly or indirectly, any act or thing done by such corporation within the state of Indiana. * * *"

Application of the above statute to a non-admitted foreign corporation engaged in selling goods in interstate commerce to purchasers within the State of Indiana is the subject of a recent opinion of this Court, in which Judge Steckler makes an exhaustive review of the authorities. Green v. Robertshow-Fulton Controls Co. (S.D.Ind.1962), 204 F. Supp. 117. That cause of action, in which the defendant's motion to dismiss or to quash the return of service of process was overruled, was an action in tort for

personal injuries sustained allegedly as a result of an explosion of a defective water heater manufactured by the defendant and sold to an independent distributor in Indiana, which heater was eventually re-sold to plaintiff.

The present case, however, seeks to make amenable to the jurisdiction of this Court a foreign corporation which is the purchaser of goods in Indiana, rather than one which has engaged in selling and shipping goods into such state.

It is shown by the interrogatories answered by the defendant, and by the affidavit of one William M. Shank, filed by the plaintiff herein, that the defendant has engaged for a number of years in sales and promotional activities in the State of Indiana. Such facts are immaterial, because the present suit is not alleged to have arisen from any of such selling activities. By the express language of the statute, it is only those actions or proceedings "arising or growing out of, directly or indirectly, any act or thing done by such corporation within the state of Indiana" which give rise to the constructive consent to be sued in Indiana with process to be served upon the Secretary of State.

However, it is not necessary for a foreign corporation to be "doing business", in the broad sense of that term, before it would be subject to service of process in Indiana in the manner provided by § 25–316. According to the plain language of the statute, the engaging in any single transaction in this State makes the foreign corporation liable to' suit in this State in any action or proceeding arising or growing out of such transaction, whether directly or indirectly. Thus if the contracts here sued upon are Indiana contracts, service upon the defendant pursuant to § 35–316 would be proper, and this Court would have jurisdiction of the person of the defendant provided that the defendant's rights under the fourteenth amendment would not be violated thereby.

The facts regarding the transaction or transactions leading to the suit, as appear from the affidavit of James C. Marsh, and which facts have not been contradicted by the defendant, may be summarized as follows:

The defendant purchased from the plaintiff, and its predecessor, a total of 8,740 power supplies of three different types over a period of five years from May, 1956, until December, 1960. Such purchases were made by purchase orders forwarded to and accepted by plaintiff at its office in the State of Indiana, where payments for such purchases were made. The total sum involved in the various purchases was $196,314.00. The items shipped to the defendant were shipped F.O.B., Indianapolis, Indiana. The power supplies were not furnished out of stock, but on the contrary were engineered specifically for and at the request of the defendant, whose Vice President first requested plaintiff's predecessor to submit design ideas at a conference in Indianapolis in May, 1956, and who had other and further design conferences with plaintiff's predecessor in the City of Indianapolis. By reason of its participation in the design of said power supplies, the defendant claimed a proprietary interest in their design and required certain special tooling used in their manufacture to become the property of the defendant and to be permanently stamped accordingly. On December, 1960, the defendant cancelled the unshipped balances of three purchase orders, assigning as a reason that the equipment supplied by plaintiff was unsatisfactory. Plaintiff sues for damages for the cancellation of such contracts, and for the unpaid balance allegedly due as to certain items shipped but not paid for.

In the case of Rosenberg Bros. & Company v. Curtis Brown Company (1923), 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372, the Court held that the purchase of goods within a state by a foreign corporation, even if occurring at regular intervals, will not, in and of itself, justify the conclusion that the corporation is present within the jurisdiction of the State so as to be subject to its process. However, in that case service upon the foreign

corporation was attempted by serving its President, who happened to be within the State of New York on some temporary business, and the case turned upon the question on whether the defendant was doing business within the State of New York in such matter and to such extent as to warrant the inference that it was present there, the Court holding as a matter of fact that it was not.

Since the decision in the Rosenberg case, however, the tests of "presence" and of "doing business" have received increasingly less emphasis. The case of International Shoe Company v. Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, laid down the present flexible rule to the effect that the due process clause requires only that in order to subject a defendant to a judgment in personam, "certain minimum contacts" within the territory of the forum must be shown so that the maintenance of the suit does not "offend 'traditional notions of fair play and substantial justice.' "

The Indiana statute, as applied to the situation of the out of state purchaser, has been construed by the United States District Court for the District of New Jersey, in Chassis-Trak, Inc. v. Federated Purchaser, Inc. (1960), D.C., 179 F.Supp. 780. In that case, the Indiana seller obtained a default judgment in a state court in Indiana against the defendant on a contract which originated by the defendant mailing its purchase order to the plaintiff in Indiana and compliance with such purchase order by the plaintiff. When the plaintiff then attempted to rely upon its Indiana judgment by a second suit based on the judgment and filed in the District Court of New Jersey, that Court refused to give full faith and credit to the Indiana default judgment, obtained pursuant to service had under § 25–316, on the theory that the one sales transaction was not sufficient to provide such "minimum contacts" by the defendant with the State of Indiana as to render inoffensive to "traditional notions of fair play and substantial justice" the maintenance of the Indiana action which resulted in the default judgment sued upon. We do not quarrel with this decision.

On the other hand, in the case of Compania De Astral, S.A. v. Boston Metals Company (1954), 205 Md. 237, 107 A. 2d 357, 108 A.2d 372, 49 A.L.R.2d 646, the Court in construing a Maryland statute asserting jurisdiction over every foreign corporation in any cause of action arising out of a contract made within the State, "whether or not such foreign corporation is doing or has done business in this State," found jurisdiction over the foreign corporation pursuant to the rule laid down in International Shoe because of an extensive factual background of negotiations leading toward the making and consummation of the contract, all within the State of Maryland.

Dozens of cases could be cited on both sides of the question involved, but to do so would be pointless. Suffice it to say that in this Court's opinion, the fact that the goods in question were custom made in Indiana at the defendant's request to designs solicited and participated in by the defendant at conferences had within the State of Indiana, that the defendant claimed a proprietary interest in the designs and ownership of the tools and dies situated in Indiana which the plaintiff procured especially for the purpose of compliance with the defendant's purchase orders, that all goods, in a substantial quantity, were delivered to the defendant in Indiana and paid for by the defendant in Indiana over a period of approximately four and one-half years, sufficiently identifies the transaction or transactions with this State so that this Court has jurisdiction under the doctrine of International Shoe.

In other words, the defendant, having inspired plaintiff and its predecessor to undertake the design and to manufacture a line of products in Indiana for the use and benefit of the defendant, should not at this late date, some six years after the inception of such business relationship, be permitted to complain that it

now faces suit in Indiana for payment for the product.

It is therefore considered and ordered that the defendant's motion to quash summons and to dismiss be, and the same is hereby OVERRULED.