**Valley DYNAMO, L.P., Plaintiff,**

v.

**WAREHOUSE OF VENDING & GAMES, et al., Defendants.**

**No. 4:01–CV–0211–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

April 9, 2001.

David Fielding, Fielding, Parker, Jones & Posey, Fort Worth, TX, for Plaintiff.

Bryan David Bruner, Bruner, Bruner & Jamieson, Fort Worth, TX, for Defendants.

## MEMORANDUM OPINION
### and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendants, Warehouse of Vending & Games ("WVG"), Larry Potashnick, and Barry Schraier, to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. The court, having considered the motion, the response of plaintiff, Valley Dynamo, L.P., the record, and applicable authorities, finds that the motion to dismiss should be granted.

On February 9, 2001, plaintiff filed its original petition in the 348th Judicial District Court of Tarrant County, Texas. Under a section titled "Facts" plaintiff alleges:

> WVG engaged in business with Valley for a period from February 20, 1999 through December 2, 2000 during which time WVG purchased a variety of goods valued at an approximate total amount of $537,873.00. However, WVG has remitted only four payments toward this balance in the amounts of $103.60 on November 30, 1999, $250.00 on April 24, 2000, $2,307.00 on September 11, 2000, and $82.55 on October 28, 2000. Therefore, WVG is currently in arrears in its account with Valley in the amount of $535,130.29, in addition to pre-judgment interest.

> WVG, through its agents, Defendants Potashnick and Schraier, made numerous promises and representations to Plaintiff which encouraged Plaintiff to continue to do business with WVG throughout the aforementioned time period. Among these representations were promises that WVG was not going to go out of business, that WVG was not closing, and that WVG would continue to do business with Plaintiff. Once Plaintiff received a notice late in 2000 that WVG was "liquidating in an orderly fashion", Plaintiff made a trip to WVG's place of business and met with its principals, Defendants Potashnick and

Schraier. At this meeting, Defendants Potashnick and Schraier represented to Plaintiff that Plaintiff would be the first to be paid and that all contractual obligations with Plaintiff would be satisfied. Pl.'s Orig. Pet. ¶ IV. Plaintiff asserts causes of action for breach of contract, fraud, negligent misrepresentation, breach of duty of good faith and fair dealing, sworn account, and *quantum meruit.*

On March 12, 2001, defendants filed their notice of removal, bringing the action before this court. On March 16, 2001, they filed their motion to dismiss, which the court now considers.

■ When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that *in personam* jurisdiction exists. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.), *cert. denied,* 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir.1985); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 545–46 (5th Cir.1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; *prima facie* evidence of personal jurisdiction is sufficient. *WNS, Inc. v. Farrow,* 884 F.2d 200, 203 (5th Cir.1989); *Wyatt v. Kaplan,* 686 F.2d 276, 280 (5th Cir.1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. *Command–Aire Corp. v. Ontario Mechanical Sales & Serv., Inc.,* 963 F.2d 90, 95 (5th Cir.1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. *Wyatt,*

686 F.2d at 282–83 n. 13 (citing *Black v. Acme Markets, Inc.,* 564 F.2d 681, 683 n. 3 (5th Cir.1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a *prima facie* case exists. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.), *cert. denied,* 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992); *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir.1990).

■ In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. *Wilson,* 20 F.3d at 646–47; *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1166 (5th Cir.1985) (quoting *Smith v. DeWalt Prods. Corp.,* 743 F.2d 277, 278 (5th Cir.1984)). Since the Texas long-arm statute has been interpreted as extending to the limits of due process,[1] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. *Bullion,* 895 F.2d at 216; *Stuart,* 772 F.2d at 1189.

■ For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66

1. *See, e.g., Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991); *Schlobohm v.* *Schapiro,* 784 S.W.2d 355, 357 (Tex.1990); *Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 200 (Tex.1985).

S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).

 The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant. *Bullion*, 895 F.2d at 216. For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. *See, e.g., Helicopteros. Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984); *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. *Jones*, 954 F.2d at 1068.

To supplement the allegations of its petition, plaintiff relies on the affidavits of Claude Napier, its executive vice president, chief operating officer and chief financial officer, and David Courington, its vice president of sales. Each of them recites that during the almost ten-year relationship between plaintiff and WVG, WVG purchased a variety of goods from plaintiff by placing telephone calls to plaintiff's office in Richland Hills, Texas. Plaintiff, as manufacturer, then shipped the merchandise to WVG and directed that payments on its invoices be sent to a lock box in Chicago, Illinois, where plaintiff's bank was located. Further, the individual defendants, as agents of WVG, made promises and representations by telephone that WVG would not go out of business and that it would continue to do business with plaintiff. When plaintiff received notice, in late 2000, that WVG was liquidating in an orderly fashion, affiants made a trip to WVG's place of business in Missouri and met with defendant Potashnick, who assured them that plaintiff would be paid.

 The affidavits of defendants Potashnick and Schraier show that they are citizens and residents of the State of Missouri and have done nothing to subject themselves to the jurisdiction of the State of Texas. Plaintiff presents no evidence or argument that either of the individual defendants has any connection with the State of Texas. The actions of those defendants as alleged agents of WVG are irrelevant to the issue of personal jurisdiction over them. *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 92–93 (2d Cir.1975). They are protected by the fiduciary shield doctrine and plaintiff has not alleged any basis for disregarding that doctrine. *Stuart*, 772 F.2d at 1197. In any event, the exchange of telephone calls is insufficient to be characterized as purposeful activity invoking the benefits and protections of Texas's laws. *Id.* at 1193. As for defendant WVG, the law is clear that mere purchase of merchandise is not sufficient to warrant the inference that a corporation is present within the jurisdiction of the forum state. *Rosenberg Bros. & Co. v. Curtis Brown Co.*, 260 U.S. 516, 518, 43 S.Ct. 170, 67 L.Ed. 372 (1923). *See Helicopteros*, 466 U.S. at 418 n. 12, 104 S.Ct. 1868 (*"Rosenberg* ... stands for the propo-

sition that mere purchases are not a sufficient basis for either general or specific jurisdiction.").[2]

 The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154. In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Applying these factors, the court concludes that exercise of jurisdiction over defendants would be constitutionally impermissible.

The court ORDERS that defendants' motion to dismiss for lack of personal jurisdiction be, and is hereby, granted and that plaintiff's claims against defendants be, and are hereby, dismissed for lack of personal jurisdiction.

---

**2.** Although the Supreme Court has suggested that the continuing validity of *Rosenberg* with respect to an assertion of specific jurisdiction might be questioned, it has not yet addressed that issue. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 n. 12, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).